LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION
BRANDON A. BLOCK (Cal. Bar No. 215888)
brandon@bblocklaw.com
9440 Santa Monica Blvd., Ste. 301
Beverly Hills, CA 90210
Telephone: 424.600.9454
Facsimile: 424.600.9454

Attorneys for Plaintiff
CLAYTON IRVING

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON IRVING,<br><br>          Plaintiff,<br><br>vs.<br><br>FLAGSHIP CREDIT ACCEPTANCE LLC, MVCONNECT, INC., BENCHMARK ASSET RESOLUTION, INC.; and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. 5:23-cv-2038<br><br>**COMPLAINT FOR WRONGFUL REPOSSESSION**<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Clayton Irving alleges as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k), and supplemental jurisdiction of the state law claims alleged herein pursuant to 28 U.S.C. § 1367.

2.     Venue is proper in the Central District in that, among other things, a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District.

## PARTIES

3.     Plaintiff is an individual over the age of 18.

4.     Defendant Flagship Credit Acceptance LLC is a Delaware limited liability company with its principal place of business in Chadds Ford, Pennsylvania. Flagship does regular and continuous business in California.

5.     Defendant MVConnect, Inc. is an Illinois corporation with its principal place of business in Chicago, Illinois. MVC does regular and continuous business in California.

6.     Defendant Benchmark Asset Resolution, Inc. is a California corporation with its principal place of business in Panorama City, California.

7.     Plaintiff does not know the true names, identities, and capacities of Does 1 through 10, inclusive, and therefore sues those defendants by fictitious names. Plaintiff will amend this Complaint to allege the true names, identities and capacities of the Doe defendants when plaintiff discovers such information.

## OPERATIVE FACTS

8.     At all times relevant, plaintiff owned a 2019 Kia Soul and clear of any liens. Plaintiff has never had any dealings with defendant Flagship, a subprime automobile finance company. Flagship apparently claimed an old lien on title that was no longer valid. The alleged old lien on title on plaintiff's car arose from a prior car purchase for personal, family or household purposes financed by Flagship.

9.     Flagship hired defendant MVConnect, an Illinois-based national repossession agency, as an independent contractor to repossess plaintiff's vehicle by "self-help" (i.e., nonjudicial) means. On or about September 6, 2023, MVConnect, with the assistance of another repossession agency and its agent, defendant Benchmark, completed the illegal repossession of plaintiffs' vehicle on Flagship's behalf.

10.     By repossessing plaintiff's car, defendants committed felonious grand theft. See Ferraro v. Pacific Fin. Corp., 8 Cal.App.3d 339, 348 n.3 (1970). Defendants illegally retained possession of plaintiff's vehicle until September 15,

2023, and when they finally returned plaintiff's vehicle, it had damage which was caused while the car was in defendants' possession.

11.     Plaintiff has suffered damages as a direct and proximate result of defendants' wrongful conduct, including lost use of his vehicle, time spent and costs incurred in trying to regain possession of his car (including driving six hours to and from Benchmark), costs of repair and reduction in value to his vehicle, and emotional distress, all in amounts which are subject to proof.

## FIRST CLAIM FOR RELIEF – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### (Against MVConnect, Benchmark And The Doe Defendants)

12.     Plaintiff realleges and incorporates herein by reference all of the above allegations.

13.     Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Id., § 1692(e).

14.     Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) in that he is a natural person obligated or allegedly obligated to pay a "debt". Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) in that they are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests. The purported debt which defendants attempted to collect from plaintiff is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that defendants sought to enforce a security interest related to an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

15.     Defendants violated 15 U.S.C. § 1692f(6) of the FDCPA by taking nonjudicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest.

16.     As a direct and proximate result of defendants' violations of the FDCPA, plaintiff has been damaged in amounts which are subject to proof.

17.     Plaintiff is entitled to recover his actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

18.     Plaintiff is entitled to recover statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

19.     Plaintiff is entitled to recover his attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF – VIOLATIONS OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES
### (Against All Defendants)

20.     Plaintiff realleges and incorporates herein by reference all of the above allegations.

21.     The California Legislature enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("Rosenthal Act"), to ensure the integrity of our banking and credit industry, finding that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Id., §§ 1788.1(a)(2) & 1788.1(b).

22.     Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that he is a natural person from whom defendants sought, directly or indirectly, to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money,

property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Id., § 1788.2(d). Defendants are "debt collectors" within the meaning of California Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, directly or indirectly engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

23.     Defendants violated Civil Code § 1788.10(a) by using, or threatening to use, any criminal means, including grand theft in violation of Penal Code § 487, to cause harm to the person, or the reputation, or the property of any person.

24.     Defendants violated the following provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), incorporated into the Rosenthal Act at Civil Code § 1788.17, thereby entitling plaintiff to the remedies in 15 U.S.C. § 1692k:

•     15 U.S.C. § 1692d, by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

•     15 U.S.C. § 1692(d)(1), by using criminal means to harm plaintiff's property, as alleged herein;

•     15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect a debt; and

•     15 U.S.C. § 1692f(6), by taking nonjudicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest, as alleged herein.

25.     As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts that are subject to proof.

26.     Plaintiff is entitled to recover his actual damages pursuant to California

Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

27. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages pursuant to California Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the alternative, California Civil Code § 1788.30(b).

28. Plaintiff is entitled to recover his attorney's fees and costs pursuant to California Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, California Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

## THIRD CLAIM FOR RELIEF – CONVERSION

### (Against All Defendants)

29. Plaintiff realleges and incorporates herein by reference all of the above allegations.

30. Plaintiff was entitled to immediate possession of his vehicle when it was repossessed by defendants. Defendants wrongfully deprived plaintiff of possession of his vehicle by repossessing it without any present right to do so. Plaintiff has suffered and is entitled to recover damages for defendants' conversion.

31. Defendants acted with oppression, fraud or malice, within the meaning of California Civil Code § 3294, thereby entitling plaintiff to punitive damages in an amount according to proof. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct.

WHEREFORE, plaintiff prays for relief as set forth below.

# PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;

2. For statutory damages;

3. For punitive damages;

4. For pre-judgment interest to the extent permitted by law;

5. For an award of plaintiff's attorney's fees and costs; and

6. For such other and further relief as the Court may deem just and proper.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: October 5, 2023

LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION

/s/ Brandon A. Block
Brandon A. Block

Attorneys for Plaintiff
CLAYTON IRVING

COMPLAINT